IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| DAVID W. EVANS | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 9:13-CV-302 |
| RUTH BROUWER, *et al.*, | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, David W. Evans, an inmate confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendant Jeremy Zwar.

The Court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Lufkin, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends defendant Zwar's motion to dismiss be granted.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a de novo review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After a careful review, the Court finds the objections lacking in merit. Plaintiff raises a constitutional claim for loss of property without due process of law. As long as an adequate post-deprivation remedy exists, deprivations of property by prison officials, even when intentional, do not violate the due process clause. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Simmons v. Poppell*, 837 F.2d 1243 (5th Cir. 1988); *Marshall v. Norwood*, 741 F.2d 761 (5th Cir. 1984). Texas law allows recovery of monetary damages for loss of property that has been taken without authorization. *See, e.g., Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, the tort of conversion fulfills this requirement); *Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995); *Beam v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App. – San Antonio 1978, no writ) (conversion

is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with the owner's rights); *Myers v. Adams*, 728 S.W.2d 771, 772 (Tex. 1987). Texas Government Code §§ 501.007 & 501.008 provides an administrative remedy to pay inmates who have claims for property lost or damaged by TDCJ officials. TEX. GOV. CODE. §§ 501.007 & 501.008 (Vernon 2002). Despite an opportunity to do so, plaintiff has failed to establish he has availed himself of these remedies nor demonstrate how they are inadequate.

ORDER

Accordingly, the objections of plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A partial judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**It is SO ORDERED.**

**SIGNED this 13th day of March, 2015.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE