IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DAVID W. EVANS | § | |
| VS. | § | CIVIL ACTION NO. 9:13-CV-302 |
| RUTH BROUWER, *et al.*, | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, David W. Evans, an inmate confined at the Eastham Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Mark Roberts, Patrick Muldowney and Ruth Brouwer.

The court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends defendants' motion to dismiss be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.[1] This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b). As outlined below, the court finds the objections lacking in merit.

First, to the extent plaintiff asserts the defendants are not entitled to the affirmative defense of qualified immunity, this claim lacks merit. *See, e.g., Wilson v. McGinnis*, 651 F. App'x 263, 264 (5th Cir. 2016) (acknowledging University of Texas Medical Branch ("UTMB") defendants were government officials during the relevant period and were entitled to defense of qualified immunity)

---

[1] Plaintiff filed one set of objections to two Reports and Recommendations (docket entry no. 151).

(not designated for publication) (citing *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).[2] "Branches of the University of Texas and other state universities are agencies of the state and thus are entitled to the same governmental immunity from suit or liability as the State of Texas." *Perry v. Tex. A & I Univ.*, 737 S.W.2d 106, 108 (Tex. App. – Houston [14th Dist.] 1983, writ ref'd n.r.e.) (citing *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex. 1975).

Next, plaintiff continues to argue that defendant Brouwer was deliberately indifferent to his serious medical needs when she denied or failed to renew his medical pillow pass. In his objections, plaintiff, in essence, asks the court to ignore Fifth Circuit case precedent with respect a claim for deliberate indifference in denying a medical pillow pass. In *Davis v. Young*, the Fifth Circuit affirmed the district court's dismissal of a § 1983 suit against the defendants for failing to issue Davis a prescribed pillow. 624 F. App'x 203, 205 (5th Cir. 2015). The Fifth Circuit found that "[t]he alleged facts do not plausibly establish that Davis faced a substantial risk of serious harm due to the denial of an extra mattress and pillow, or that [the defendant' knew of and disregarded such a risk]. *Id*. at 206. Furthermore, as outlined by the Magistrate Judge, the failure of defendant Brouwer to decline to implement the treatment recommended by the UTMB specialist does not demonstrate deliberate indifference. *See Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999); *see also Simon v. LeBlanc*, 623 F. App'x 276, 277 (5th Cir. 2015) (per curiam) ("The refusal to provide medicine that was prescribed at another facility or by a different doctor does not rise to the level of deliberate indifference); *Flaming v. UTMB*, 2016 WL 727941, *7-8 (S.D. Tex. Feb. 24, 2016) (unit provider's failure to implement pain management protocol established by UTMB does not rise to the level of deliberate indifference); *Chapman v. Pace*, 353 F. App'x 955, 956 (5th Cir. 2009) (not designated for publication) (no deliberate indifference when physician assistant removed medical restrictions from plaintiff's medical records). To the extent plaintiff argues he was entitled to the

---

[2]Plaintiff cites to numerous cases from other circuits. Cases originating from circuits outside the Fifth Circuit, however, are not binding precedent on this court. With respect to qualified immunity specifically, plaintiff cites to *Petties v. Carter* for the proposition that the defendants in the present case are not entitled to qualified immunity. 836 F.3d 722,734 (7th Cir. 2016). This case can be distinguished on the underlying facts. In *Petties*, the Seventh Circuit held that qualified immunity did not apply to private medical personnel in prisons.

medical pillow or any particular type of modification or treatment, the question of whether a particular form of treatment is indicated "is a classic example of a matter for medical judgment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1975). Thus, plaintiff's disagreement with the level of medical treatment that he received does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122, F.3d 286, 292 (5th Cir. 1997). Even if a lapse in professional judgment occurred, any such failure amounts to mere negligence or malpractice, and not a constitutional violation. *See Harris v. Hegman*, 198 F.3d 153, 159 (5th Cir. 1999) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)). Allegations of negligence and medical malpractice will not suffice to demonstrate an Eighth Amendment violation. *See Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). Plaintiff's allegations fail to support the conclusion that defendant Brouwer was actually aware of a risk and consciously disregarded it when she denied him the prescribed pillow. *Lawson*, 286 F.3d 257, 262 (5th Cir. 2002).

To the extent plaintiff argues further that defendant Brouwer retaliated against him after plaintiff complained about her decision to defendant Roberts when defendant Brouwer allegedly altered information in his medical file and/or erroneously charged plaintiff a co-pay for a visit, plaintiff has failed to show the requisite retaliatory intent or motive to establish a valid claim. *Johnson v. Rodriguez*, 111 F.3d 299, 310 (5th Cir. 1997). Plaintiff has also failed to demonstrate that "but for" the alleged retaliatory intent, the incident would not have occurred. *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).[3]

Plaintiff also argues the Magistrate Judge erred in dismissing his claims against defendants Roberts and Muldowney. As outlined by the Magistrate Judge, plaintiff's complaints that defendant Muldowney falsified his medical records is akin to a disagreement with his medical care and, as outlined above, is not sufficient to state a constitutional violation. Plaintiff's allegations of

---

[3]To state a valid claim for retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Id*. Causation requires a showing that but for the retaliatory motive, the complained of incident would not have occurred. *Id*. A prisoner must allege more than his personal belief that he is the victim of retaliation. *Id*. at 325. Retaliatory intent requires that the offender show the defendant's intent to retaliate based on the offender's exercise of his constitutional rights. *Id*.

retaliation against defendant Muldowney similarly fail.[4]  Plaintiff must allege more than his personal belief that he was the victim of retaliation. *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1988)).  Plaintiff has also failed to show "but for" the alleged retaliatory intent, the complained of incidence would not have occurred. *Jones,* 188 F.3d at 324-25.

Plaintiff's complaints regarding defendant Roberts failure to properly investigate his claims against defendants Brouwer and Muldowney is equally untenable.  An inmate has no constitutional right to a grievance procedure and has no due process liberty interest in having a grievance resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005); *see also Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986).  With respect to plaintiff's claims against defendant Roberts for failing to intervene in his medical care after plaintiff's complaints, the Magistrate Judge properly found that plaintiff has failed to establish he was incarcerated under conditions posing a substantial risk of serious harm or that prison officials acted with deliberate indifference to his safety. Plaintiff's chief complaint again is his dissatisfaction with the grievance process and the results and is insufficient to state a constitutional violation.

With respect to plaintiff's claim that defendant Brouwer deprived him of his property when she charged him for a medical visit, this claim lacks merit.  Under the *Parratt/Hudson* Doctrine, a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides and adequate post-deprivation remedy. *Myers v. Klevenhagen*, 97 F.3d 91, 94-95 (5th Cir. 1996); *see Hudson v. Palmer*, 468 U.S. 517, 529-37, *Parratt v. Taylor*, 451 U.S. 527, 535-45 (1981). Texas law allows recovery of monetary damages for loss of property that has been taken without authorization. *See, e.g., Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, the tort of conversion fulfills this requirement); *Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995); *Beam v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App.

---

[4]Although less than certain, it appears plaintiff alleges defendant Muldowney retaliated by falsifying plaintiff's medical records when plaintiff complained of defendant's Brouwer refusal to prescribe him a medical pillow pass.

– San Antonio, 1978, no writ) (conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with the owner's rights); *Myers v. Adams*, 728 S.W.2d 771, 772 (Tex. 1987). Plaintiff has failed to establish he has availed himself of a post-deprivation remedy nor shown how the remedy is inadequate. Because Texas law provides an adequate post-deprivation remedy, plaintiff's loss of property claim does not state a violation of the Due Process Clause. *See Hudson*, 468 U.S. at 536. Plaintiff has failed to show that defendant Brouwer violated a clearly established constitutional right as required by the doctrine of qualified immunity.[5]

Finally, plaintiff objects to the Magistrate Judge's findings that plaintiff's claims pursuant to the Americans with Disabilities Act ("ADA") or Rehabilitation Act ("RA") be denied. The ADA is a federal anti-discrimination statute intended to eliminate discrimination against individuals with disabilities. *Delano-Pyle v. Victoria County, Texas*, 302 F.3d 567, 574 (5th Cir. 2002). Title II of the ADA authorizes suits by private citizens for money damages against public entities that violate 42 U.S.C. § 12132. The rights and remedies available under the ADA are almost duplicative of those available under the RA. See 42 U.S.C. § 12133 (incorporating by reference 29 U.S.C. § 794a); *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 455 (5th Cir. 2005).[6] Title II of the ADA applies to state prison facilities and state prison services. *See Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998).

As outlined by the Magistrate Judge, plaintiff cannot bring an ADA or RA claim against the defendants and plaintiff cannot bring such claims under Section 1983. Although Title II provides disabled persons redress for discrimination by a public entity, it does not, by statutory definition, include individuals. 42 U.S.C. § 12131(1). Employing a limited construction of the statutory

---

[5]Plaintiff's claims against defendant Zwar for deprivation of property when he confiscated his pillow were previously dismissed on March 4, 2015 (docket entry nos. 71 & 72).

[6]This court considers plaintiff's ADA and RA claims together, because the two statutes provide parallel remedies. *See Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000); 42 U.S.C. § 12133. "The language in the ADA generally tracks the language set forth in the RA. In fact, the ADA expressly provides that 'the remedies, procedures and rights' available under the RA are also accessible under the ADA." *Delano-Pyle v. Victoria County, Tex.*, 302 F.3d 567, 574 (5th Cir. 2002) (quoting 42 U.S.C. § 12133 (1995)).

5

definition of a public entity, courts that have addressed the question have concluded that individual defendants cannot be held liable for violation of Title II of the ADA. *See Allbritton v. Quarterman*, 2009 WL 585659 *10-11 (E.D. Tex. Mar. 6, 2009); *Gonzales v. City of Corpus Christi*, 2006 WL 1517507, *5 (S.D. Tex. May 31, 2006); *see also Georgetown v. Tran*, 2002 WL 818079, *3 (E.D. La. Apr. 24, 2002); *DeLeon v. City of Alvin Police Dept.*, 2009 WL 3762688 (S.D. Tex. Nov. 9, 2009). Courts have found that Section 1983 cannot be used to bring a suit against a person, in his individual capacity, who allegedly violated the ADA. *Allbritton*, 2009 WL 585659 at 10-11; *Pena v. Bexar County*, 726 F.Supp.2d 675, 690 (W.D. Tex. June 21, 2010); *Bostick v. Edlers*, 2003 WL 1193028 (N.D.Tex. Jan. 10, 2003). Although the Fifth Circuit has not expressly addressed the question of individual liability under Title II of the ADA, it has recognized that a plaintiff cannot sue an individual under the RA. *See Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999).

## ORDER

Accordingly, the objections of plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **22** day of **September, 2017.**

_____
Ron Clark, United States District Judge