IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DAVID W. EVANS | § | |
| VS. | § | CIVIL ACTION NO. 9:13-CV-302 |
| RUTH BROUWER, *et al.,* | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, David W. Evans, an inmate confined at the Eastham Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendant Deborah Aleman.

The court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends defendant Aleman's motion to dismiss be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.[1] This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b). As outlined below, the court finds the objections lacking in merit.

First, to the extent plaintiff asserts defendant Aleman is not entitled to the affirmative defense of qualified immunity, this claim lacks merit.[2] As an independent contractor of TDCJ, a government entity who performs a government function, defendant Aleman is entitled to qualified immunity in the same way as if she were a government employee. *See Filarsky v. Delia*, 566 U.S. 377, 394

---

[1]Plaintiff filed one set of objections to two Reports and Recommendations (docket entry no. 151).

[2]Plaintiff's reliance on case law from other circuits is not binding precedent on this court sitting in the Fifth Circuit.

(2012).[3]  The United States Supreme Court has extended the protection of qualified immunity to individuals hired by the government to do its work, even if the individual is not hired on a permanent or full-time basis.  *Id.*; *see also Brewer v. Hayne*, 860 F.3d 819 (5th Cir. 2017) (holding forensic consultants hired as retained government experts entitled to assert and were entitled to qualified immunity).[4]

Next, plaintiff continues to argue that defendant Aleman was deliberately indifferent to his serious medical needs when she failed to grant plaintiff a medical transportation pass to the Brace and Limb Clinic.  As outlined by the Magistrate Judge, plaintiff concedes this failure did not deny nor interfere with his ability to obtain medical services.  Plaintiff's allegations confirm that he still went to the Brace and Limb Clinic to get his medical boots.  Based on plaintiff's on pleadings, defendant Aleman's actions or inactions did not prevent plaintiff from receiving the medical care he allegedly required.  This conduct was not in disregard to an excessive risk to plaintiff's health and safety.  Plaintiff's disagreement with defendant Aleman over the need for a medical transportation pass does not state a claim under the Eighth Amendment.  *See Norton v. Dimazana*, 122, F.3d 286, 292 (5th Cir. 1997).  Even if a lapse in professional judgment occurred, any such failure amounts to mere negligence or malpractice, and not a constitutional violation.  *See Harris v. Hegman*, 198 F.3d 153, 159 (5th Cir. 1999) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)).

---

[3]"Though not a public employee, Filarsky was retained by the City to assist in conducting an official investigation into potential wrongdoing.  There is no dispute that government employees performing such work are entitled to seek the protection of qualified immunity.  The Court of Appeals rejected Filarsky's claim to the protection accorded Wells, Bekker, and Peel solely because he was not a permanent, full-time employee of the City.  The common law, however, did not draw such distinctions, and we see no justification for doing so under § 1983." *Filarsky,* 566 U.S. at 394.

[4]"A defendant may act under color of state law for the purposes of § 1983 without receiving the related protections of qualified immunity.  At the same time, '[t]he government's need to attract talented individuals is not limited to full-time public employees.  Indeed, it is often when there is a particular need for specialized knowledge or expertise that the government must look outside its permanent work force to secure the services of private individuals.' In determining whether a private individual performing a government function is entitled to qualified immunity, we consider whether the service performed was of the type protected at common law at the time § 1983 was passed in 1871 and whether granting immunity in a given case is consistent with the policies underlying § 1983." *Brewer,* 860 F.3d at 823 (citations omitted).

To the extent plaintiff objects to the finding that defendant Aleman did not retaliate against him when she charged him a co-pay for his medical visit after he filed grievances against her co-workers, plaintiff has failed to show the requisite retaliatory intent or motive to establish a valid claim. *Johnson v. Rodriguez*, 111 F.3d 299, 310 (5th Cir. 1997). Plaintiff has also failed to demonstrate that "but for" the alleged retaliatory intent, the incident would not have occurred. *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).[5]

With respect plaintiff's claim that defendant Aleman deprived him of his property when she charged him for a medical visit, this claim lacks merit. Under the *Parratt/Hudson* Doctrine, a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides and adequate post-deprivation remedy. *Myers v. Klevenhagen*, 97 F.3d 91, 94-95 (5th Cir. 1996); *see Hudson v. Palmer*, 468 U.S. 517, 529-37, *Parratt v. Taylor*, 451 U.S. 527, 535-45 (1981). Texas law allows recovery of monetary damages for loss of property that has been taken without authorization. *See, e.g., Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, the tort of conversion fulfills this requirement); *Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995); *Beam v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App. – San Antonio, 1978, no writ) (conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with the owner's rights); *Myers v. Adams*, 728 S.W.2d 771, 772 (Tex. 1987). Plaintiff has failed to establish he has availed himself of a post-deprivation remedy nor shown how the remedy is inadequate. Because Texas law provides an adequate post-deprivation remedy, plaintiff's loss of property claim does not state a violation of the Due Process Clause. *See Hudson*, 468 U.S. at 536. Plaintiff has failed to show that defendant Aleman violated a clearly established constitutional right

---

[5]To state a valid claim for retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Id*. Causation requires a showing that but for the retaliatory motive, the complained of incident would not have occurred. *Id*. A prisoner must allege more than his personal belief that he is the victim of retaliation. *Id*. at 325. Retaliatory intent requires that the offender show the defendant's intent to retaliate based on the offender's exercise of his constitutional rights. *Id*.

as required by the doctrine of qualified immunity.[6]

Finally, plaintiff objects to the Magistrate Judge's findings that plaintiff's claims pursuant to the Americans with Disabilities Act ("ADA") or Rehabilitation Act ("RA") be denied. The ADA is a federal anti-discrimination statute intended to eliminate discrimination against individuals with disabilities. *Delano-Pyle v. Victoria County, Texas*, 302 F.3d 567, 574 (5th Cir. 2002). Title II of the ADA authorizes suits by private citizens for money damages against public entities that violate 42 U.S.C. § 12132. The rights and remedies available under the ADA are almost duplicative of those available under the RA. See 42 U.S.C. § 12133 (incorporating by reference 29 U.S.C. § 794a); *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 455 (5th Cir. 2005).[7] Title II of the ADA applies to state prison facilities and state prison services. *See Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998).

As outlined by the Magistrate Judge, plaintiff cannot bring an ADA or RA claim against defendant Aleman and plaintiff cannot bring such a claim under Section 1983. Although Title II provides disabled persons redress for discrimination by a public entity, it does not, by statutory definition, include individuals. 42 U.S.C. § 12131(1). Employing a limited construction of the statutory definition of a public entity, courts that have addressed the question have concluded that individual defendants cannot be held liable for violation of Title II of the ADA. *See Allbritton v. Quarterman*, 2009 WL 585659 *10-11 (E.D. Tex. Mar. 6, 2009); *Gonzales v. City of Corpus Christi*, 2006 WL 1517507, *5 (S.D. Tex. May 31, 2006); *see also Georgetown v. Tran*, 2002 WL 818079, *3 (E.D. La. Apr. 24, 2002); *DeLeon v. City of Alvin Police Dept.*, 2009 WL 3762688 (S.D. Tex. Nov. 9, 2009). Courts have found that Section 1983 cannot be used to bring a suit against a person, in his individual capacity, who allegedly violated the ADA. *Allbritton*, 2009 WL 585659 at 10-11;

---

[6]Plaintiff's claims against defendant Zwar for deprivation of property when he confiscated his pillow were previously dismissed on March 4, 2015 (docket entry nos. 71 & 72).

[7]This court considers plaintiff's ADA and RA claims together, because the two statutes provide parallel remedies. *See Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000); 42 U.S.C. § 12133. "The language in the ADA generally tracks the language set forth in the RA. In fact, the ADA expressly provides that 'the remedies, procedures and rights' available under the RA are also accessible under the ADA." *Delano-Pyle v. Victoria County, Tex.*, 302 F.3d 567, 574 (5th Cir. 2002) (quoting 42 U.S.C. § 12133 (1995)).

*Pena v. Bexar County*, 726 F.Supp.2d 675, 690 (W.D. Tex. June 21, 2010); *Bostick v. Edlers*, 2003 WL 1193028 (N.D.Tex. Jan. 10, 2003). Although the Fifth Circuit has not expressly addressed the question of individual liability under Title II of the ADA, it has recognized that a plaintiff cannot sue an individual under the RA. *See Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999).

<u>ORDER</u>

Accordingly, the objections of plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **22** day of **September, 2017.**

Ron Clark, United States District Judge